MUSGROVE and others *vs.* KENNELL and others, township committee of Greenville.

1. A township committee in this state have no power to borrow money on the faith of the township, or to authorize any one to borrow money in the name of the township, or to bind the inhabitants to the payment of money so borrowed.

2. But if the members of the township committee can persuade any one to loan money necessary for township purposes, they are at liberty to do so; and the borrowing or expenditure of such money will not be restrained. Such borrowing cannot affect the township or any inhabitant, unless the inhabitants, at a regular town meeting, adopt the loan and assume the debt.

The argument was upon a rule to show cause why an injunction should not issue to restrain the defendants from paying out moneys raised for school, road, and poor purposes, for any other purpose than that for which they were raised, and from borrowing any money in anticipation of taxes, and from expending any money already borrowed for any purpose whatever.

*Mr. Winfield,* for complainants.

*Mr. McGee,* for defendants.

THE CHANCELLOR.

The bill alleges that the defendants are about to expend the money raised by the vote of the inhabitants at the last annual town meeting for school, road, and poor taxes, for other purposes, and to pay the costs and expenses of litigation commenced by them against the township street commissioners. The answer denies that they have expended, or intended to expend, any of the moneys voted or raised for the purpose of repairing roads, maintaining schools, or supporting the poor, for the purposes stated in the bill, or for any other purpose than that for which they were raised. There is no proof that they have expended, or intended to expend, these moneys for such alleged purposes, and therefore the answer must be taken as true, and no injunction can issue as to that.

The bill further states that the town committee have authorized the treasurer to borrow $2500, in anticipation of taxes, to meet bills against the township, and asks that they may be restrained from borrowing, and if moneys have been borrowed, from expending them.

The answer admits the passing of a resolution authorizing the treasurer to borrow money, and that the money has been actually borrowed. The township committee in this state have no power to borrow money on the faith of the township, or to authorize any one to borrow money in the name of the

township, or to bind the inhabitants to the payment of money so borrowed.

The township committee are not the corporation; the inhabitants of the township are the corporation, and they act not through the committee as managers or directors, but by vote of the inhabitants assembled in town meeting. By the twelfth section of the township act the town committee are to audit the accounts of the township officers, and are to direct the expenditure of the money raised for the township purposes, but they have no power to raise any tax, or to bind the township by borrowing money. This power is nowhere directly given, and if it had been given it would entirely override and render useless the power given to the inhabitants to vote and grant the sums which they may deem proper for the several distinct township purposes designated; the town committee could borrow and expend for any purpose double the amount voted by the meeting, and the township would be compelled to pay the loan, and raise it by tax. Borrowing money can be no injury to any inhabitant or taxpayer; he cannot be compelled to pay any part of it unless the inhabitants at the next town meeting should vote to raise money for that purpose. If the members of the town committee can persuade any one to loan money on the faith that it will be applied to proper purposes, and if it is so applied that the inhabitants at the town meeting will see that it is raised and paid, they are at liberty to do so. If the committee and treasurer raise it on their personal responsibility they have that right. I see nothing illegal or inequitable in lending or borrowing money on the confidence that it will be raised and paid by the inhabitants. On the contrary, there may be, and often is, a very great convenience in doing it.

There are duties imposed upon townships, such as repairing roads and supporting the poor, that are imperative; an unexpected emergency may require the expenditure of more money than was raised by the inhabitants for the purpose, or before the amount voted is collected and paid into the treasury. In such case it is usual, and often wise and prudent, for the

treasurer to borrow money for these purposes. It is generally done with the approbation of the committee, the proper body for expending the township money, and most likely to know of the necessity of it. I see no reason why the borrowing or expenditure of money for such purposes should be restrained.

The injunction must be refused.